# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>DERRICK McCREARY, )<br>)<br>Defendant/Movant. )<br>)<br>_____ ) | CR 04-00313 PHX FJM<br>CIV 09-01023 PHX FJM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE FREDERICK J. MARTONE:**

Mr. Derrick McCreary ("Movant") filed a motion to correct, vacate, or set aside criminal convictions and sentences, pursuant to 28 U.S.C. § 2255, on May 14, 2009. Respondent filed a Response in Opposition to Motion for Reduction of Sentence Under 28 U.S.C. § 2255 ("Response") (Docket No. 11) on October 19, 2009. Movant's reply (Docket No. 12) to the response was docketed on November 19, 2009.

**I. Procedural History**

On March 30, 2004, Movant and two co-defendants were indicted on nine charges of, *inter alia*, conspiracy to commit armed robbery.[1] A superseding indictment, charging one count of conspiracy, two counts of armed bank robbery, and two counts of the use of the firearm in the commission of a crime, in

---

[1] A third co-defendant was charged on only three counts.

violation of 18 U.S.C. § 924(c), was filed February 16, 2005.

Movant and his non-pleading co-defendant were tried together and the trial lasted approximately two weeks. At trial the government introduced the testimony of the pleading co-defendant and a "cooperating witness" and evidence of text messages sent or received by Movant discussing the alleged conspiracies. The jury instructions included definitions of the use, carrying, possession, and brandishing of a weapon in relation to a crime of violence as those terms are relevant to a violation of section 924. The jury was instructed regarding guilt both by aiding and abetting and guilt as a conspirator.

On June 22, 2005, a jury found Movant guilty on one count of conspiracy, two counts of bank robbery, and two counts of the use of a weapon in the commission of a crime of violence. On or about December 14, 2005, Movant was sentenced to an aggregate sentence of 504 months imprisonment.

Movant took a direct appeal of his convictions and sentences. In his direct appeal Movant argued the Court improperly admitted text messages between Movant and his co-conspirators. Movant further argued that the government elicited conflicting testimony before the grand jury. Additionally, Movant argued the jury should have received a "mere presence" instruction and that the government improperly vouched for testifying co-conspirators at trial. See United States v. McCreary, 308 Fed. App. 39, 41-42 (9th Cir. 2008). Movant's direct appeal was denied in a decision issued on or about February 7, 2008. Movant sought certiorari, which was denied by the United States Supreme Court on June 9, 2008. See

Reply at 3.

In his action to vacate his convictions and sentences Movant asserts the jury instructions unconstitutionally added a charge of possession of a firearm to Counts Three and Five of the superseding indictment. Movant also argues he was denied effective assistance of counsel because his attorney failed to appeal or address Movant's right to be tried, convicted, and sentenced based upon the exact charges listed in the superseding indictment. Movant also contends he could not properly be convicted on Count Five because this count does not state or charge a federal crime covered by 18 U.S.C. § 924(c)(1)(A)(ii). Movant further alleges his convictions should be vacated because the prosecutor improperly vouched for the honesty and truthfulness of a government witness.

**II. Discussion**

Relief is precluded on a section 2255 claim that was raised and decided in the movant's direct appeal. See, e.g., United States v. Scrivner, 189 F.3d 825, 282 (9th Cir. 1999); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985); Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972). Additionally, because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal," Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998), absent a showing of cause and prejudice, a federal habeas petitioner procedurally defaults all claims which are not raised in his direct appeal, other than claims asserting the petitioner was deprived of the effective assistance of counsel. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct.

1584, 1594 (1982); <u>United States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." <u>Frady</u>, 456 U.S. at 167-68, 102 S. Ct. at 1594. <u>See</u> also <u>United States v. Ratigan</u>, 351 F.3d 957, 964 (9th Cir. 2003). A defendant has not established he was deprived of the effective assistance of counsel if his claims would not have succeeded on appeal. <u>Turner v. Calderon</u>, 281 F.3d 851, 872 (9th Cir. 2002).

Accordingly, the only claims in Movant's section 2255 which are not precluded are Movant's claims of ineffective assistance of counsel.

**Movant's ineffective assistance of counsel claims**

Claims of ineffective assistance of counsel are properly raised for the first time in a section 2255 action. <u>See</u> <u>United States v. McKenna</u>, 327 F.3d 830, 845 (9th Cir. 2003).

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, Movant must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" <u>Id.</u>

<u>United States v. Span</u>, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

-4-

In order to find that Movant was deprived of the effective assistance of counsel and grant him habeas relief, the Court must conclude counsel's performance was incompetent and that his deficient performance prejudiced Movant.

> [N]ot every case of deficient performance under Strickland represents a constructive denial of the right to counsel. In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel. Strickland remains the norm for ineffective assistance claims, and the Supreme Court has made clear that it will not countenance a per-se prejudice exception which will swallow the actual prejudice Strickland rule.

Glover v. Miro, 262 F.3d 268, 276-77 (4th Cir. 2001). See also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United States v. Cruz-Mendoza, 147 F.3d 1069, 1072 (9th Cir. 1998.

Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). Movant must establish that, but for counsel's alleged errors, the result of his trial would have been different. Hasan, 254 F.3d at 1154. Additionally, Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner, 281 F.3d at 878.

Counsel is not ineffective if counsel "fails" to raise a meritless argument. See, e.g., Wilson v. Henry, 185 F.3d 986, 991 (9th Cir. 1999); James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir. 1992); Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not

constitute ineffective assistance of counsel.").

Movant asserts he was denied the effective assistance of counsel because his trial counsel failed to address and his appellate counsel failed to assert Movant's right to be tried, convicted, and sentenced based upon the exact charges listed in the superseding indictment. Movant's counsel was not ineffective for "failing" to raise the claims stated by Movant. Movant has not established prejudice because he has not shown that, had counsel alleged Movant was not tried, convicted, and sentenced based upon the exact charges listed in the superseding indictment, any of these arguments would have successfully resulted in a reversal. See Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001). Movant has not shown he was prejudiced by any alleged failure of counsel to raise a particular argument. Movant has not provided the Court with a claim that appellate counsel failed to raise which would have been a "dead-bang winner." Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995).

Movant contends section 924(c) creates two separate offenses. However, the Ninth Circuit Court of Appeals has held that section 924(c) creates only a single offense. See United States v. Arreola, 467 F.3d 1153, 1157-58 (9th Cir. 2006). Because Movant asserts his counsel was ineffective for failing to raise an argument which has been rejected, Movant has not established prejudice arising from his counsels' allegedly

deficient performance.[2]

In reply to the answer to his section 2255 motion, Movant again alleges that his conviction violated the Fifth Amendment because the jury instructions "resulted in a constructive amendment to the indictment." Reply at 4. Movant also contends that, other than a "non-specific pretrial notice that one or more individuals would testify as to Movant's possession of the charged firearm and a witness list the day before trial, the Movant received no other information or discovery as to these unindicted charges." Id. These allegations simply repeat claims which were denied in Movant's direct appeal or were procedurally defaulted by Movant's failure to present them in his direct appeal. The only claims properly presented in this section 2255 action are the claims of ineffective assistance of counsel, the merits of which are not supported by the allegations in Movant's reply to the answer to his section 2255 petition.

---

[2] Respondent argues:
Pursuant to the superseding indictment, Counts Three and Five alleged that the defendant and others "did use, carry and brandish a firearm, that is, a handgun, during and in relation to a crime of violence, that is, Armed Bank Robbery" in violation of § 924(c)(1)(A). In the jury instructions the [] Court explained that the government must prove every element of the offense beyond a reasonable doubt, including that (1) "the defendant used, carried, possessed or brandished the firearm (2) during and in relation to the crime of armed bank robbery." (ER-2- Trial Tr. Vol. VII, 1441-45, June 21, 2005.) Since the jury instructions explained the elements of a single offense in a straightforward and cogent manner, the District Court did not add a charge to the superseding indictment or commit a plain error by doing so.

-7-

### III. Conclusion

Other than his ineffective assistance of counsel claims, Movant procedurally defaulted his section 2255 claims by failing to raise them in his direct appeal. Movant has not shown cause and prejudice regarding his default of these claims. Movant has not established that he was denied the effective assistance of counsel because Movant has not shown that he was prejudiced by his counsels' failure to raise a meritless argument.

**IT IS THEREFORE RECOMMENDED** that Mr. McCreary's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 3rd day of December, 2009.

_____
Mark E. Aspey
United States Magistrate Judge